Michael V. Sclafani, Esq. (MS 9120)
A Member of the Firm of
REARDON & SCLAFANI, P.C.           CIVIL ACTION
Attorneys for Defendants           CASE NO.
PV Holding and Haim
220 White Plains Road, Suite 235
Tarrytown, New York  10591
(914) 366-0201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JAMES D. LYNCH,

                Plaintiff,           NOTICE OF REMOVAL

      - against -                      PUTNAM COUNTY
                                         INDEX NO. 2453/07
MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE and ELRAC, INC.,         **08 CIV. 1259**

                Defendants.          **BRIEANT**
------------------------------------x

S I R S :

    PLEASE TAKE NOTICE, that the undersigned hereby removes this action to the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, pursuant to Local Civil Rule 81.1 and 28 U.S.C. §§1331, 1332, 1441(a) and 1446(b), from the Supreme Court of the State of New York for Putnam County, on the ground that this Court has original jurisdiction of the matter based upon Sub-chapter I of Chapter 301 of Title 49, United States Code §30106 and the "complete preemption doctrine" and on the diversity of citizenship of the parties, in that the plaintiff James D. Lynch is a citizen of the State of New York and resides at 101 Acom Road, Brewster, New York, the defendant Mechaly Haim is a citizen of the State of Florida and resides at 1040 N.E. 204th Lane, North Miami, Florida, the defendant PV Holding Corp. is a citizen of the State of

2

Delaware and maintains its principal office at 300 Centre Pointe Drive, Virginia Beach, Virginia, the defendant Michael S. Cole is a citizen of the State of Missouri and resides at 102 Fairway Drive, St. Louis, Missouri and the defendant ELRAC, Inc. is a citizen of the State of Delaware and maintains its principal office at 1550 Route 23 North, Wayne, New Jersey, and it is alleged that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

The cause of action arises out of an accident occurring on October 4, 2004 in the County of Westchester, State of New York. Copies of plaintiff's summons and complaint dated October 2, 2007 are annexed.

On or about October 3, 2007, plaintiff's summons and complaint was filed in Supreme Court of the State of New York, County of Putnam. The defendant PV Holding Corp. received the summons and complaint on or about January 22, 2008. All defendants join in this notice. This notice is timely pursuant to 28 U.S.C. §1446(b).

Dated: Tarrytown, New York
       February 6, 2008

                Yours, etc.

                REARDON & SCLAFANI, P.C.
                Attorneys for Defendants
                PV Holding and Haim
                OFFICE & P.O. ADDRESS
                220 White Plains Road, Suite 235
                Tarrytown, New York   10591
                (914) 366-0201

BY: _____
     MICHAEL V. SCLAFANI (MS 9120)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
---------------------------------------x
JAMES D. LYNCH,

                Plaintiff,

   -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE and ELRAC, INC.,

                Defendants.
---------------------------------------x

Index No.: 2453/07
Date Filed: October 3, 2007

2453/07

Plaintiff designates
COUNTY OF PUTNAM
as the place of trial

The basis of venue is
Plaintiff's residence

**SUMMONS**

Plaintiff resides at
101 Acom Road
Brewster, New York 10509
County of Putnam

2007 OCT -3 AM 9:38 PUTNAM COUNTY

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED

to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: White Plains, New York
      October 2, 2007

LAW OFFICES OF JAMES J. KILLERLANE, P.C.
Attorneys for Plaintiff(s)
JAMES D. LYNCH
175 Main Street, Suite 606
White Plains, New York 10601
(914) 948-9500

Defendant's Address(es):

MECHALY HAIM
1040 NE 204th Lane
North Miami, Florida 33179

MICHAEL S. COLE
102 Fariway Drive
St. Louis, Missouri 63105

P.V. HOLDING CORP.
90-20 Grand Central Parkway
East Elmhurst, New York 11369

ELRAC, INC.
600 Corporate Park Drive
Pawling, New York 12564

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------X
JAMES D. LYNCH,

                     Plaintiff,                     **VERIFIED COMPLAINT**

    -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE and ELRAC, INC.,

                     Defendants.
-----------------------------------------------------------X

     Plaintiff, JAMES D. LYNCH, complaining of the defendants, MECHALY HAIM, P.V. HOLDING CORP., MICHAEL S. COLE and ELRAC, INC., by his attorney, LAW OFFICES OF JAMES J. KILLERLANE, P.C., sets forth, upon information and belief, as follows:

     FIRST:   That at all times hereinafter mentioned, the plaintiff, JAMES D. LYNCH, resides in the County of Putnam, State of New York.

     SECOND:   That at all times hereinafter mentioned, the defendant, MECHALY HAIM, resides in the City of North Miami, State of Florida.

     THIRD:   That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, P.V. HOLDING CORP., was the owner of a motor vehicle bearing license plate number PZV87T for the State of New York, and operated by the defendant, MECHALY HAIM.

     FOURTH:   That at all times hereinafter mentioned, upon information and belief, the defendant, P.V. HOLDING CORP., was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

     FIFTH:   That at all times hereinafter mentioned, upon information and belief, the defendant, P.V. HOLDING CORP., was and is a foreign corporation duly authorized to conduct business within the State of New York.

     SIXTH:   That at all times hereinafter mentioned, upon information and belief, the

defendant, P.V. HOLDING CORP., was and is a business entity conducting business within the State of New York.

SEVENTH: That at all times hereinafter mentioned, the defendant, MICHAEL S. COLE, resides in the County of Putnam, State of New York.

EIGHTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, ELRAC, INC., was the owner of a motor vehicle bearing license plate number CTU6602 for the State of New York, and operated by the defendant, MICHAEL S. COLE.

NINTH: That at all times hereinafter mentioned, upon information and belief, the defendant, ELRAC, INC, was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

TENTH: That at all times hereinafter mentioned, upon information and belief, the defendant, ELRAC, INC., was and is a foreign corporation duly authorized to conduct business within the State of New York.

ELEVENTH: That at all times hereinafter mentioned, upon information and belief, the defendant, ELRAC, INC., was and is a business entity conducting business within the State of New York.

TWELFTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York, was a public thoroughfare.

THIRTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, MECHALY HAIM, was traveling on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

FOURTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, MICHAEL S. COLE, was traveling on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester,

State of New York.

FIFTEENTH: That at all times hereinafter mentioned, and more particularly, on the 4th day of October, 2004, the defendant, P.V. HOLDING CORP., was the owner of a 2004 Pontiac motor vehicle bearing license plate number PZV87T for the State of New York, and operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

SIXTEENTH: That at all times hereinafter mentioned, and more particularly, on the 4th day of October, 2004, the defendant, ELRAC, INC., was the owner of a 2005 Ford motor vehicle bearing license plate number CTU6602 for the State of New York, and operated by the defendant, MICHAEL S. COLE, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

SEVENTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the plaintiff, JAMES D. LYNCH, was operating a motor vehicle bearing license plate number CMR4057 for the State of New York on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

EIGHTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the motor vehicle owned by the defendant, ELRAC, INC., and being operated by the defendant, MICHAEL S. COLE, came into contact with the rear of the plaintiff's motor vehicle, as a result of such contact, caused the front of plaintiff's vehicle to impact with the defendant, P.V. HOLDING CORP.'s motor vehicle, being operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

NINETEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the motor vehicle owned by the defendant, ELRAC, INC., and being operated by the defendant, MICHAEL S. COLE, came into violent contact with the rear of the plaintiff's motor vehicle, as a result of such contact,

caused the front of plaintiff's vehicle to impact with the defendant, P.V. HOLDING CORP.'s motor vehicle, being operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

TWENTIETH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the motor vehicle owned by the defendant, ELRAC, INC., and being operated by the defendant, MICHAEL S. COLE, struck the rear of the plaintiff's motor vehicle, as a result of such contact, caused the front of plaintiff's vehicle to impact with the defendant, P.V. HOLDING CORP.'s motor vehicle, being operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

TWENTY FIRST: The aforementioned contact and subsequent injuries to the plaintiff were caused solely by the negligence of the defendants in their ownership, operation, control and maintenance of the above-mentioned motor vehicle.

TWENTY SECOND: That the said accident and subsequent injuries resulting therefrom were caused solely by the negligence, carelessness and reckless disregard of the defendants and without negligence on the part of the plaintiff contributing to the aforesaid occurrence.

TWENTY THIRD: That by reason of the aforesaid, the plaintiff, JAMES D. LYNCH, was injured, wounded and bruised; and he became sick, sore, lame and disabled; and further sustained serious and severe permanent injuries; and has and will continue to incur substantial expenses for medical care, treatment and medicines; and has suffered and will suffer a significant loss of enjoyment of life.

TWENTY FOURTH: That by reason of the foregoing, the plaintiff, JAMES D. LYNCH, has sustained a serious injury as defined in Section 5102 of the Insurance Law and/or Economic Loss greater than the Basic Economic Loss contained in Section 5102 of the Insurance Law.

TWENTY FIFTH:     That one or more of the provisions of CPLR Section 1602 is applicable to this action.

TWENTY SIXTH:     That by reason of the foregoing, the plaintiff, JAMES D. LYNCH, has been damaged in a sum greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

WHEREFORE, the plaintiff, JAMES D. LYNCH, demands judgment against the defendants in a sum greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction., together with costs, interest and disbursements of this action.

Dated:     October 2, 2007
           White Plains, New York

                              LAW OFFICES OF JAMES J. KILLERLANE, P.C.
                              Attorneys for Plaintiff(s)
                              175 Main Street
                              White Plains, New York 10601
                              (914) 948-9500

## VERIFICATION

STATE OF NEW YORK        )
COUNTY OF WESTCHESTER    ) SS:

    The undersigned, an attorney admitted to practice in the Courts of New York State, states, that affirmant is a member of the firm of LAW OFFICES OF JAMES J. KILLERLANE, P.C. the attorney for the plaintiff, that affirmant has read the foregoing COMPLAINT and knows the contents thereof, and that the same is true to affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters affirmant believes is to be true.

    That the reason why this verification is made by affirmant and not by the plaintiff is because the plaintiff is not within Westchester County where the office of the attorney is maintained; and that the source of affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject matter of this action, and which are in the possession of the said attorney.

    The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York
       October 2, 2007

                                              */s/ Jyotsna Gorti*
                                              JYOTSNA GORTI

STATE OF NEW YORK, COUNTY OF                                                      ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification** certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation** say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                                                                          ..............................................
                                                                                                                 *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                      ss:
                                                                being sworn says: I am

☐ **Individual Verification** in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                            of
☐ **Corporate Verification** a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                            , 20                        ..............................................
                                                                                                                 *(Print signer's name below signature)*

...................................................................................

STATE OF NEW YORK, COUNTY OF                                      ss:
                                                                being sworn says: I am not a party to the action, am over 18 years of age and reside at
            On                            , 20     , I served a true copy of the annexed
                                                                in the following manner:

☐ **Service by Mail** by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service** by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile** by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means** by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ **Overnight Delivery Service** by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                    , 20
...................................................................................

                                                                                                                 ..............................................
                                                                                                                 *(Print signer's name below signature)*

Index No.                    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

JAMES D. LYNCH,

                                                         Plaintiff(s),

       -against-

MECHALY HAIM, P.V HOLDING CORP., MICHAEL S. COLE and ELRAC, INC.,

                                                         Defendant(s).

SUMMONS and VERIFIED COMPLAINT

LAW OFFICES OF
**JAMES J. KILLERLANE**

*Attorney for*

JAMES D. LYNCH
175 MAIN STREET
SUITE 606
WHITE PLAINS, NY 10601
(914) 948-9500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.*

Dated: 10/2/07            Signature ..................................................
                          Print Signer's Name  JYOTSNA GORTI, ESQ.

Service of a copy of the within                           is hereby admitted
Dated:

                                      Attorney(s) for

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
   that the within is a (certified) true copy of a
   entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
   that an Order of which the within is a true copy will be presented for settlement to the
   Hon.                                  , one of the judges of the within-named Court,
   at
   on            20       , at       M.

Dated:
                                                         LAW OFFICES OF
                                                         **JAMES J. KILLERLANE**
                                      *Attorney for*

To:                                                      175 MAIN STREET
                                                         SUITE 606
                                                         WHITE PLAINS, NY 10601
                                                         (914) 948-9500

*Attorney(s) for*