Michael V. Sclafani, Esq. (MS 9120)
A Member of the Firm of
REARDON & SCLAFANI, P.C.
Attorneys for Defendant PV Holding
220 White Plains Road, Suite 235
Tarrytown, New York  10591
(914) 366-0201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JAMES D. LYNCH,

                Plaintiff,         ANSWER

       - against -            08 CIV. 1259 (CLB)

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE and ELRAC, INC.,

                Defendants.
------------------------------------x

    Defendant PV Holding Corp., by its attorneys, Reardon & Sclafani, P.C., as and for its answer to the plaintiff's complaint, alleges, upon information and belief, as follows:

    FIRST:  Denies each and every allegation contained in paragraph(s) designated "First", "Second", "Third", "Seventh", "Eighth", "Ninth", "Tenth", "Eleventh", "Twelfth", "Thirteenth", "Fourteenth", "Fifteenth", "Sixteenth", "Seventeenth", "Eighteenth", "Nineteenth" and "Twentieth".

    SECOND:  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "Fourth", "Sixth", "Twenty First", "Twenty Second", "Twenty Third", "Twenty Fourth" and "Twenty Sixth".

    THIRD:  Denies each and every allegation contained in paragraph(s) numbered "30" and refers all questions of law to the Honorable Trial Court.

2

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTH: That plaintiff(s) action as against defendant PV Holding Corp. is pre-empted and barred pursuant to sub-chapter I of Chapter 301 of Title 49, United States Code §30106.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTH: The plaintiff(s) complaint fails to state a cause of action as against the answering defendant upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTH: That the Court lacks jurisdiction over the answering defendant(s) upon the ground of insufficiency of service of process.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTH: That this action is barred as to plaintiff(s) by Article 51, Section 5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTH: That if the plaintiff(s) sustained any injury or damages, said injuries or damages were caused or contributed to by the negligence, culpable conduct, assumption of risk or fault of the plaintiff(s) and were not caused or contributed to by the negligence, fault or want of care on the part of the answering defendant(s), or were caused by persons or parties for whose acts or omissions or the result of an emergency for which this answering

3

defendant(s) is not responsible or liable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINTH: That the plaintiff(s) vehicle was equipped with seat belts; that the plaintiff(s) failed to wear or properly fasten seat belts at the time of the occurrence; that some or all of plaintiff(s) injuries would not have been incurred or would have been incurred to a lesser extent or degree had seat belts been worn or worn properly, and that the failure to wear or properly fasten seat belts was the proximate cause of all or some of the injuries claimed by the plaintiff(s).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TENTH: Plaintiff(s) recovery, if any, is subject to and limited by CPLR 4545.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS MICHAEL S. COLE and ELRAC, INC.

ELEVENTH: That if the plaintiff(s) were caused to sustain injuries and damages at the time and place set forth in the plaintiff(s) complaint, said damages were sustained by reason of the active and primary carelessness and negligence of the defendant(s), Michael S. Cole and ELRAC, Inc. and if the defendant(s), PV Holding Corp. are found to be negligent, such negligence was passive and derivative.

TWELFTH: That by reason of the foregoing, the defendant(s), PV HOLDING CORP. seek herein indemnification and judgment over for the damages which may be found against it based upon the sole,

4

active and primary negligence, carelessness and recklessness of the defendant(s), Michael S. Cole and ELRAC, Inc. which caused in whole the events alleged in plaintiff(s) complaint.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS MICHAEL S. COLE and ELRAC, INC.

THIRTEENTH:  That if the plaintiff(s) herein were injured and/or damaged at the time and place set forth in the complaint herein, in the manner alleged therein, and if it be further determined after trial that the said injuries and/or damages were due to the negligence of the defendant(s), it is demanded that the relative responsibility of the answering defendant(s) be determined on the facts, so that liability, therefore, may be apportioned between the said parties.

FOURTEENTH:  That by reason of the foregoing, the defendant(s), PV Holding Corp. seek(s) herein contribution and apportionment of the damages which may be found against it based upon the proportion of fault, negligence and want of care on the part of defendant(s), Michael S. Cole and ELRAC, Inc. which contributed to the events alleged in the plaintiff(s) complaint.

WHEREFORE, defendant(s), PV Holding Corp., demand judgment dismissing the complaint of the plaintiff(s) herein, together with the costs, disbursements and attorneys' fees of this action; and further demand judgment on its cross-claims over and against defendant(s), Michael S. Cole and ELRAC, Inc., together with costs and disbursements and attorneys' fees of this action; and/or that

5

the respective liabilities of the said parties as and between themselves be apportioned.

Dated: Tarrytown, New York
       February 8, 2008

                                  Yours, etc.

                                  REARDON & SCLAFANI, P.C.
Attorneys for Defendant PV Holding
OFFICE & P.O. ADDRESS
220 White Plains Road, Suite 235
Tarrytown, New York  10591
(914) 366-0201

By: _____
    MICHAEL V. SCLAFANI (MS 9120)

TO:  James J. Killerlane, P.C.
     Attorneys for Plaintiff
     175 Main Street, Suite 606
     White Plains, New York  10601

CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on February 8, 2008, he caused to be served a true and correct copy of the within ANSWER by depositing the same in the United States mail, first-class, postage pre-paid, addressed to:

TO:  James J. Killerlane, P.C.
      Attorneys for Plaintiff
      175 Main Street, Suite 606
      White Plains, New York  10601

_____
MICHAEL V. SCLAFANI (MS 9120)