UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES D. LYNCH,

                        Plaintiff,

        -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE, and ELRAC, INC.,

                        Defendants.

CIVIL CASE
DOCKET: 7:08-CV-01259-CLB

**NOTICE OF MOTION**

JUDGE: CHARLES L.
BRIEANT

   **PLEASE TAKE NOTICE** that upon the accompanying Affirmation in Support of this

Motion to Dismiss the plaintiff's complaint, and the exhibits annexed hereto in support, the

defendants MICHAEL S. COLE and ELRAC, INC., by their attorneys, Goldberg Segalla LLP,

will move this Court before the Honorable Charles L. Brieant, United States District Judge,

United States District Court for the Southern District of New York, at the United States

Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York on the **25th day of**

**May, 2008**, pursuant to Federal Rule of Civil Procedure 12 (b) (1) & 12 (b) (6) for an Order: a)

dismissing the complaint in its entirety against the defendants MICHAEL S. COLE on the

grounds that the defendant was never served with the summons and complaint in the action

originally commenced in New York State Supreme Court; and (b) for an order dismissing the

complaint in its entirety against ELRAC, INC. pursuant to the Grave's Amendment 49 USCA

30106 on the grounds that the complaint fails to state a claim against this defendant upon which

relief can be granted; and (c) for all such other, and further relief as the Court may deem just and proper.

Dated: White Plains, New York
         April 25, 2008

                                        Respectfully submitted,


                                        /s/ Kevin Burns, Esq.
                                        Kevin Burns, Esq. (KB–9940)
                                        GOLDBERG SEGALLA LLP
                                        **Attorneys for Defendants**
                                        **MICHAEL S. COLE and**
                                        **ELRAC, INC.**
                                        170 Hamilton Avenue, Suite 203
                                        White Plains, New York 10601-1717
                                        (914) 798-5476
                                        GS File No.: 4490.0060
                                        kburns@goldbergsegalla.com

TO:    LAW OFFICES OF JAMES KILLERLANE, P.C.
       **Attorney for Plaintiff James D. Lynch**
       175 Main Street
       White Plains, NY 10601
       (914) 948-9500

       LAW OFFICES OF REARDON & SCLAFANI, P.C.
       **Attorneys for P.V. Holding Corp & Mechaly Haim**
       220 White Plains Road
       Tarrytown, NY 10591
       (914) 366-0201

108056.2

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES D. LYNCH,

                              Plaintiff,

        -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE, and ELRAC, INC.

                              Defendants.

---

CIVIL CASE
DOCKET:  7:08-CV-01259-CLB

**AFFIRMATION IN SUPPORT**

        KEVIN BURNS, an attorney admitted to practice law before the Courts of the State of New York, and the United States District Court- Southern District of New York, hereby affirms the following under penalty of perjury:

        1.      I am an attorney at law associated with the law firm of GOLDBERG SEGALLA LLP, attorneys for defendants, MICHAEL S. COLE and ELRAC, Inc., and as such, I am fully familiar with the facts and circumstances surrounding this action.

        2.      This Affirmation is respectfully submitted in support of defendant's application to dismiss this action pursuant to FRCP 12 (b) (1) due to the plaintiff's failure to properly serve the defendant MICHAEL S. COLE within the applicable timeframe allowed under NYS CPLR Sec. 306-b.

        3.      Additionally, this affirmation is submitted in support of the defendant's application to dismiss this action pursuant to FRCP 12 (b) (6) against ELRAC, INC. as the action is barred pursuant to the Grave's Amendment 49 USCA 30106 and the complaint fails to state a claim upon which relief can be granted against ELRAC, INC.

## FACTUAL BACKGROUND

4.      This lawsuit arises from a three car motor vehicle accident which occurred on October 4, 2004 on Manhattanville Road, Harrison, New York.

5.      At that time, a vehicle operated by MICHAEL COLE and owned by ELRAC, INC. came into contact with the rear of a vehicle owned by co-defendant PV HOLDING CORP. and operated by the MECHALY HAIM. Subsequently the PV HOLDING vehicle came into contact with the rear of a vehicle owned and operated by the plaintiff JAMES LYNCH.

## PROCEDURAL HISTORY

6.      This lawsuit was commenced with the purchase of an index number and the filing of a Summons and Complaint in New York State Supreme Court, County of Putnam, on or about October 3, 2007. (**Exhibit "A"**)

7.      On February 25, 2008 and answer was interposed on behalf of MICHAEL S. COLE and ELRAC, INC. (**Exhibit "B"**).

8.      It appears that ELRAC was served via the New York State Secretary of State on or about January 11, 2008. (**Exhibit "C"**).

9.      Upon consultation with Michael Cole, it was determined that no service had been effected upon him. As such, the defendants raised a jurisdictional defense with their answer based on the non-service or improper service upon the defendant MICHAEL COLE.

10.     Additionally, defendant has written to the plaintiff on two occasions (March 3, 2008 and April 21, 2008) requesting proof of proper service upon the defendant MICHAEL S. COLE (**Exhibit "D"**).

11.    The co-defendant sought removal of this action to Federal District Court, however, neither defendant ELRAC nor defendant MICHAEL S. COLE were ever served with a notice of removal.

12.    As such, the defendant was unaware of the fact that this action had been removed from New York State Supreme Court, County of Putnam, until they received a fax letter from plaintiff's counsel advising of the removal and the scheduled appearance before the court for a discovery conference. (**Exhibit "E"**).

13.    While the defendants do not object to this removal, the defendants believe that complete diversity does not exist, as and between the parties, as defendant MICHAEL S. COLE is in fact a resident of the State of New York, County of Putnam. As such, complete diversity of citizenship does not exist, and removal to Federal Court is in appropriate.

14.    Nonetheless, the defendants MICHAEL S. COLE and ELRAC, INC. now move before this court for the dismissal of the complaint against them pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) as the matter has already been removed.

15.    With regards to defendant MICHAEL S. COLE, the defendant contends that the defendant was never served with the summons and complaint within the statutory timeframe required under NYS CPLR Sec. 306-b.

16.    Further, in spite of the fact that it was immediately evident upon receipt of the defendant's answer that the defendant MICHAEL S. COLE had not been served, no application has been made by the plaintiff to extend their time to serve the defendant, nor has good cause been shown as to why such an application should be entertained by this court.

17. Alternatively, there has been no showing that the plaintiff was diligent in attempting to verify the correct address for the defendant MICHAEL S. COLE for purposes of effecting proper service.

18. Over 6 months have elapsed since the commencement of this action with the purchase of the index number, and similarly over 6 months have elapsed since the expiration of the applicable 3 year statute of limitations.

19. With regards to ELRAC, INC. the defendant moves pursuant to FRCP (12)(b)(6) for dismissal on the grounds that there is no independent caused of action plead against ELRAC, INC. in the plaintiff's complaint. The Graves Amendment 49 USCA 30106 has effectively eliminated vicarious liability in New York State of the owners of leased and rented vehicles. The plaintiff's complaint therefore fails to state a claim against ELRAC upon which relief can be granted.

20. As will be demonstrated below, the defendants MICHAEL S. COLE and ELRAC, INC. are entitled to an order dismissing them from this action.

21. Pursuant to Judge Brieant's local rules as this motion does not involve discovery, no pre-motion conference is required.

22. The original motion has been filed in ECF, hardcopies with exhibits have been served upon all counsel with a courtesy copy to Judge Brieant's Chambers.

## ARGUMENT

## POINT I

**THE PLAINTIFF MICHAEL S. COLE WAS NEVER SERVED
WITH THE SUMMMONS AND COMPLAINT WITHIN THE STATUTORY
TIMEFRAME REQUIRED PURSUANT TO NYS CPLR SEC. 306 (b)
AND AS SUCH THIS ACTION SHOULD BE DISMISSED
IN ITS ENTIRETY AGAINST HIM**

23.    Upon receipt of the summons and complaint, your affirmant contacted Michael Cole and confirmed that he had never been served with the summons and complaint in this action.

24.    The defendant asserted a jurisdictional defense with his answer, wherein he indicated that the plaintiff had not obtained jurisdiction over him by virtue of the improper service or non-service of the summons and complaint. (**Exhibit "B"** affirmative defense number 10)

25.    Additionally, defendant sent two letters to plaintiff's counsel requesting proof of proper service. (**Exhibit "D"**)

26.    Michael S. Cole has provided a sworn affidavit that no service was ever effected upon him. (**Exhibit "F"**)

27.    The defendant now moves on a timely basis pursuant to FRCP 12(b)(1) and NYS CPLR Sec. 306(b) for the dismissal of the complaint in its entirety as to MICHAEL S. COLE due to (a) the plaintiff's failure to serve the defendant within the required 120 timeframe subsequent to the purchase of the index number, (b) the plaintiff's failure to move to request additional time to serve the defendant beyond the statutorily required 120 timeframe, (c) the failure of the plaintiff to demonstrate "good cause" as to why the 120 timeframe should be extended, and (d) the failure of the plaintiff to demonstrate any due diligence in attempting to

remedy their failure to serve the defendant after receipt of the defendant's answer dated February 25, 2008.

## POINT II

### PLAINTIFFS' COMPLAINT AS TO ELRAC, INC. SHOULD BE DISMISSED BECAUSE HIS CLAIMS ARE BARRED PURSUANT TO 49 USCA §30106

28.    New York State Vehicle and Traffic Law §388 provides that the owner of a motor vehicle will be vicariously liable for the actions of the driver of that motor vehicle.

29.    On August 10, 2005 President George W. Bush signed into law a Federal Public Transportation Act of 2005 codified as 49 USCA §30106.

30.    This federal act commonly referred to as "Graves Amendment" effectively pre-empted vicarious liability for leased cars and rental vehicles.

31.    In relevant part, §49 USCA §30106 states:

"(a)    IN GENERAL – an owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall *not* (emphasis added) be liable under law of any state or political subdivision thereof by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if 1) the owner (or affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and 2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

(c)    APPLICABILITY AND EFFECTIVE DATE – notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of the enactment of this section without regard to whether the harm that is the subject of the action or the conduct that caused the harm occurred before such date of enactment."

32.    The wording of 40 USCA §30106 is clear and unambiguous. The owner of a leased vehicle "shall not be liable under law of any state...by reason of being the owner of the vehicle".

33.    In the present case, ELRAC, Inc. is a company who is in the business of renting vehicles to individuals (see copy of Affidavit of John Carmichael is annexed hereto as **Exhibit "G"**).

34.    As such, ELRAC, Inc. falls squarely within the entities for whom Congress provides such an express limitation of liability pursuant to the passage of the Grave's Amendment.

35.    The plaintiffs' Summons and Complaint was commenced on or about October 2, 2007 which is well after the effective date of August 10, 2005 for the passage of the Grave's Amendment.

36.    Accordingly, all of the elements of the Grave's Amendment have been satisfied and plaintiffs' claims against ELRAC, Inc, which are based solely upon vicarious liability, are clearly barred pursuant to 49 USCA §30106, and the plaintiff's complaint must be dismissed.

37.    Both New York State Courts, Federal Districts courts, and other similarly situated state courts have upheld and enforced the application of the Grave's Amendment and its preemption of State Law.

38.    In *M. Jasman v. DTG Operations, Inc. 533 F. Supp.2d 753*, the United States District Court Western District of Michigan, Southern Division granted the motion of the defendant rental car company pursuant to 49 USCA 30106 holding that Graves Amendment was a constitutional exercise of the federal government's power and its application preempted Michigan State law which provided for vicarious liability.

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601-1717

39.     In *Graham v. Dunkley, 50 A.D.3d 55, 852 N.Y.S. 2d 169*, the New York State Appellate Division, Second Department, reversed the trial court and found that the application of the Grave's amendment and its preemption of New York State Law was a constitutional exercise of the Federal Government's power to regulate interstate commerce pursuant to the Commerce Clause of the United State Constitution.

40.     In the case of *Infante v. U-Haul Company of Florida*, 2006 WL 177657, the New York Supreme Court upheld the dismissal of U-Haul Company of Arizona based upon the pre-emption of New York State Vehicle and Traffic Law §388 by the Grave's Amendment.

41.     In *Jones v. Bill 34 A.D. 3d 741* the Appellate Division, Second Department affirmed the dismissal of a complaint against a leasing company thereby upholding the application of the Grave's Amendment 49 USCA 30106. *See, also, Kuryla v. Halabi, 39 A.D.3d 485, 835 N.Y.S. 2d 230.*

42.     In *Williams v. White 40 A.D.3d 110* the Appellate Division acknowledged the application of the Grave's amendment, however, reinstated a complaint against a leasing company finding that the complaint had been commenced against the leasing company prior to the effective date of 49 USCA 30106.

43.     In *Kumarsingh v. PV Holding Corp 2008 WL 238955*, the Florida State Appeals Court upheld the Grave's amendment and its preemption of Florida State Law.

44.     Furthermore, the supremacy clause of the United States Constitution equivocally provides that the Congress has the authority to pass laws which pre-empt state laws.  In relevant part, the supremacy clause states:

> "This constitution of the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the

constitution or laws of any state to contrary notwithstanding." United States Constitution Article V1 Clause 2.

45.    It is unequivocal that the supremacy clause of the United States Constitution thereby suspends any state law that conflicts with federal law or applies to the issues which arise within the area exclusively occupied by federal law. See for example, *Craw v. Finity*, 242 F.3rd 1359 (Federal Circuit 2001).

## POINT II

### THERE ARE NO OTHER VIABLE CLAIMS AGAINST ELRAC, INC.

46.    At paragraph 21 of the plaintiffs' Complaint (See **Exhibit "A"**), the plaintiff alleges the following:

> "The aforementioned contact and subsequent injuries to the plaintiff were cause solely by the negligence of the defendants in their ownership, operation, control, and maintenance of the above mentioned motor vehicle."

47.    The defendant ELRAC, INC. did not operate or control the vehicle at the time of the accident.

48.    The Grave's Amendment 49 USCA 30106 preempts vicarious liability based upon ownership of the vehicle for rental companies and leasing companies.

49.    Thus, the only remaining cause of action would be based upon a failure to maintain the vehicle.

50.    An affidavit of the driver Michael Cole has been provided which indicates that he did not experience any mechanical problems or difficulties with the rental vehicle at the time of the accident. (See **Exhibit "F"** at paragraph

51.    The Complaint contains no factual support suggesting any basis for a claim of negligent maintenance in this case.

52.    Plaintiff merely makes conclusory allegations with no foundation in factual evidence.

53.    If a plaintiff were allowed to avoid dismissal under the Grave's Amendment merely by making a conclusory allegation in the course of their Complaint, every renter or motor vehicle involved in a motor vehicle accident is otherwise subject to dismissal under the Grave's Amendment but would be required to engage in discovery based upon the plaintiffs' unfounded hope of obtaining evidence in support of such a claim.

54.    It is well settled law that a plaintiff is not permitted to engage in discovery without first providing a factual allegation in support of a viable claim and not just pursuing a fishing expedition. See *Garfunkel v. US Life*, 116 Misc. 2d 841 and *Cohen v. City of New York*, 183 A.D.2d 436 (1992).

55.    In the present case, plaintiff has provided no factual allegations in support of a valid claim of negligent maintenance and, therefore, the defendant ELRAC, Inc. is entitled to dismissal based upon the Grave's Amendment.

56.    It is clear that the passage of the Grave's Amendment 49 USCA §30106 pre-empts New York State's vicarious liability law under New York State Vehicle and Traffic Law §388.

57.    In order to pursue a claim against ELRAC, Inc., the plaintiff must allege a factual basis to support an independent cause of action not based upon vicarious liability of the rental car agency.

58.    In the present case, plaintiff has failed to plead sufficient factual allegations in support of a claim in negligent maintenance.

59.     As such, the defendant, ELRAC, Inc. is entitled to a dismissal of the Complaint with prejudice against them.

**WHEREFORE**, the defendant asks the court to grant this motion in its entirety pursuant to Federal Rule of Civil Procedure 12 (b) (1) & 12 (b) (6) for an Order: a) dismissing the complaint in its entirety against the defendants MICHAEL S. COLE on the grounds that the defendant was never served with the summons and complaint in the action originally commenced in New York State Supreme Court; and (b) for an order dismissing the complaint in its entirety against ELRAC, INC. pursuant to the Grave's Amendment 49 USCA 30106 on the grounds that the complaint fails to state a claim against this defendant upon which relief can be granted; and (c) for all such other, and further relief as the Court may deem just and proper.

Dated: White Plains, New York
        April 25, 2008


/s/ Kevin Burns, Esq.
Kevin Burns, Esq. (KB-9940)

108056.2

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601-1717

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2008, a true and correct copy of the foregoing Notice of Motion and Affirmation in Support was served via regular mail and will be served via the Court's ECF System (once accessible) upon:

LAW OFFICES OF JAMES KILLERLANE, P.C.
**Attorney for Plaintiff James D. Lynch**
175 Main Street
White Plains, NY 10601
(914) 948-9500

LAW OFFICES OF REARDON & SCLAFANI, P.C.
**Attorneys for P.V. Holding Corp & Mechaly Haim**
220 White Plains Road
Tarrytown, NY 10591
(914) 366-0201

Dated: White Plains, New York
April 25, 2008

/s/ Kevin Burns, Esq.
Kevin Burns, Esq. (KB–9940)

108056.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2008, a true and correct copy of the foregoing Notice of

Motion and Affirmation in Support was served via the Court's ECF System upon:

LAW OFFICES OF JAMES KILLERLANE, P.C.
**Attorney for Plaintiff James D. Lynch**
175 Main Street
White Plains, NY 10601
(914) 948-9500

LAW OFFICES OF REARDON & SCLAFANI, P.C.
**Attorneys for P.V. Holding Corp & Mechaly Haim**
220 White Plains Road
Tarrytown, NY 10591
(914) 366-0201

Dated: White Plains, New York
April 28, 2008

/s/ Kevin Burns, Esq.
Kevin Burns, Esq. (KB–9940)

108056.2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------x

JAMES D. LYNCH,

                              Plaintiff,

    -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE and ELRAC, INC.,

                              Defendants.

-----------------------------------------------------------x

Index No.: 2453/07
Date Filed: October 3, 2007

Plaintiff designates
COUNTY OF PUTNAM
as the place of trial

The basis of venue is
Plaintiff's residence

**SUMMONS**

Plaintiff resides at
101 Acorn Road
Brewster, New York 10509
County of Putnam

2453/07

2007 OCT -3 AM 9:38   PUTNAM COUNTY CLERK

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED

to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: White Plains, New York
        October 2, 2007

LAW OFFICES OF JAMES J. KILLERLANE, P.C.
Attorneys for Plaintiff(s)
JAMES D. LYNCH
175 Main Street, Suite 606
White Plains, New York 10601
(914) 948-9500

Defendant's Address(es):

MECHALY HAIM
1040 NE 204th Lane
North Miami, Florida 33179

MICHAEL S. COLE
102 Fairway Drive
St. Louis, Missouri 63105

P.V. HOLDING CORP.
90-20 Grand Central Parkway
East Elmhurst, New York 11369

ELRAC, INC.
600 Corporate Park Drive
Pawling, New York  12564

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
--------------------------------------------------------x
JAMES D. LYNCH,

                    Plaintiff,                       <u>VERIFIED COMPLAINT</u>

      -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE and ELRAC, INC.,

                     Defendants.
--------------------------------------------------------x

      Plaintiff, JAMES D. LYNCH, complaining of the defendants, MECHALY HAIM, P.V.

HOLDING CORP., MICHAEL S. COLE and ELRAC, INC., by his attorney, LAW OFFICES OF

JAMES J. KILLERLANE, P.C., sets forth, upon information and belief, as follows:

      FIRST:   That at all times hereinafter mentioned, the plaintiff, JAMES D. LYNCH, resides

in the County of Putnam, State of New York.

      SECOND:  That at all times hereinafter mentioned, the defendant, MECHALY HAIM,

resides in the City of North Miami, State of Florida.

      THIRD:   That at all times hereinafter mentioned, and more particularly on the 4th day

of October, 2004, the defendant, P.V. HOLDING CORP., was the owner of a motor vehicle

bearing license plate number PZV87T for the State of New York, and operated by the

defendant, MECHALY HAIM.

      FOURTH:     That at all times hereinafter mentioned, upon information and belief,

the defendant, P.V. HOLDING CORP., was and is a domestic corporation duly organized and

existing under and by virtue of the laws of the State of New York.

      FIFTH:  That at all times hereinafter mentioned, upon information and belief, the

defendant, P.V. HOLDING CORP., was and is a foreign corporation duly authorized to

conduct business within the State of New York.

      SIXTH: That at all times hereinafter mentioned, upon information and belief, the

defendant, P.V. HOLDING CORP., was and is a business entity conducting business within the State of New York.

SEVENTH: That at all times hereinafter mentioned, the defendant, MICHAEL S. COLE, resides in the County of Putnam, State of New York.

EIGHTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, ELRAC, INC., was the owner of a motor vehicle bearing license plate number CTU6602 for the State of New York, and operated by the defendant, MICHAEL S. COLE

NINTH: That at all times hereinafter mentioned, upon information and belief, the defendant, ELRAC, INC., was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

TENTH: That at all times hereinafter mentioned, upon information and belief, the defendant, ELRAC, INC., was and is a foreign corporation duly authorized to conduct business within the State of New York.

ELEVENTH: That at all times hereinafter mentioned, upon information and belief, the defendant, ELRAC, INC., was and is a business entity conducting business within the State of New York.

TWELFTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York, was a public thoroughfare.

THIRTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, MECHALY HAIM, was traveling on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

FOURTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, the defendant, MICHAEL S. COLE, was traveling on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester,

State of New York.

FIFTEENTH:     That at all times hereinafter mentioned, and more particularly, on the 4th day of October, 2004, the defendant, P.V. HOLDING CORP., was the owner of a 2004 Pontiac motor vehicle bearing license plate number PZV87T for the State of New York, and operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester,  State of New York.

SIXTEENTH:     That at all times hereinafter mentioned, and more particularly, on the 4th day of October, 2004, the defendant, ELRAC, INC., was the owner of a 2005 Ford motor vehicle bearing license plate number CTU6602 for the State of New York, and operated by the defendant, MICHAEL S. COLE, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester,  State of New York.

SEVENTEENTH:  That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the plaintiff, JAMES D. LYNCH, was operating a motor vehicle bearing license plate number CMR4057 for the State of New York on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester,  State of New York.

EIGHTEENTH: That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the motor vehicle owned by the defendant, ELRAC, INC., and being operated by the defendant, MICHAEL S. COLE, came into contact with the rear of the plaintiff's motor vehicle, as a result of such contact, caused the front of plaintiff's vehicle to impact with the defendant, P.V. HOLDING CORP.'s motor vehicle, being operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester,  State of New York.

NINETEENTH:     That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the motor vehicle owned by the defendant, ELRAC, INC., and being operated by the defendant, MICHAEL S. COLE, came into violent contact with the rear of the plaintiff's motor vehicle, as a result of such contact,

02/21/2008 16:07 FAX 718 762 3119          ELCO                                    ☑008

caused the front of plaintiff's vehicle to impact with the defendant, P.V. HOLDING CORP.'s motor vehicle, being operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

TWENTIETH:    That at all times hereinafter mentioned, and more particularly on the 4th day of October, 2004, at approximately 12:46 p.m., the motor vehicle owned by the defendant, ELRAC, INC., and being operated by the defendant, MICHAEL S. COLE, struck the rear of the plaintiff's motor vehicle, as a result of such contact, caused the front of plaintiff's vehicle to impact with the defendant, P.V. HOLDING CORP.'s motor vehicle, being operated by the defendant, MECHALY HAIM, on Manhattan Road, at or near its intersection with I-684, in the Town of Harrison, County of Westchester, State of New York.

TWENTY FIRST: The aforementioned contact and subsequent injuries to the plaintiff were caused solely by the negligence of the defendants in their ownership, operation, control and maintenance of the above-mentioned motor vehicle.

TWENTY SECOND:    That the said accident and subsequent injuries resulting therefrom were caused solely by the negligence, carelessness and reckless disregard of the defendants and without negligence on the part of the plaintiff contributing to the aforesaid occurrence.

TWENTY THIRD:    That by reason of the aforesaid, the plaintiff, JAMES D. LYNCH, was injured, wounded and bruised; and he became sick, sore, lame and disabled; and further sustained serious and severe permanent injuries; and has and will continue to incur substantial expenses for medical care, treatment and medicines; and has suffered and will suffer a significant loss of enjoyment of life.

TWENTY FOURTH:    That by reason of the foregoing, the plaintiff, JAMES D. LYNCH, has sustained a serious injury as defined in Section 5102 of the Insurance Law and/or Economic Loss greater than the Basic Economic Loss contained in Section 5102 of the Insurance Law.

**TWENTY FIFTH:**     That one or more of the provisions of CPLR Section 1602 is applicable to this action.

**TWENTY SIXTH:**     That by reason of the foregoing, the plaintiff, JAMES D. LYNCH, has been damaged in a sum greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff, JAMES D. LYNCH, demands judgment against the defendants in a sum greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction., together with costs, interest and disbursements of this action.

Dated:     October 2, 2007
         White Plains, New York

LAW OFFICES OF JAMES J. KILLERLANE, P.C.
Attorneys for Plaintiff(s)
175 Main Street
White Plains, New York 10601
(914) 948-9500

## VERIFICATION

STATE OF NEW YORK            )

COUNTY OF WESTCHESTER    ) SS:

 

 

The undersigned, an attorney admitted to practice in the Courts of New York State, states, that affirmant is a member of the firm of LAW OFFICES OF JAMES J. KILLERLANE, P.C. the attorney for the plaintiff, that affirmant has read the foregoing COMPLAINT and knows the contents thereof, and that the same is true to affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters affirmant believes is to be true.

That the reason why this verification is made by affirmant and not by the plaintiff is because the plaintiff is not within Westchester County where the office of the attorney is maintained; and that the source of affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject matter of this action, and which are in the possession of the said attorney.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York
      October 2, 2007

 

 

JYOTSNA GORTI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

---

JAMES D. LYNCH,

                                        Plaintiff,

            -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE, and ELRAC, INC.,

                                        Defendants.

---

Index No.: ~~1994/2007~~ 2453/07

**ANSWER**

2008 FEB 25 PM 3: 14

PUTNAM COUNTY CLERK

Defendants, MICHAEL S. COLE and ELRAC, INC., by and through their attorneys, Goldberg Segalla LLP, as and for their Answer to Plaintiff's Complaint, allege as follows:

**FIRST**:        Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs designated as "1", "2", "3", "4", "5", "6", "13", "15", and "17" of Plaintiff's Complaint.

**SECOND:**    Defendants deny the allegations in the paragraphs designated as "18", "19", "20", "21", "22", "23", and "26" of Plaintiff's Complaint.

**THIRD**:        Defendants deny the allegations in the paragraphs designated as "24" and "25" of Plaintiff's Complaint and respectfully refer all questions of law and/or fact to the Trial Court.

### AS AND FOR A CROSS-CLAIM AGAINST
### CO-DEFENDANTS, MECHALY HAIM, and P.V. HOLDING CORP.

**FOURTH:**    Whatever injuries and damages were sustained by plaintiff, if any, were directly and proximately caused by the acts, omissions, fault, carelessness, recklessness, negligence or other culpable conduct, or the breach of duty, contract, lease, warranty or other

agreement by co-defendants, MECHALY HAIM, P.V. HOLDING CORP., without any active or affirmative negligence, culpable conduct, breach of duty, contract, lease, warranty or other agreement by Defendants, MICHAEL COLE and ELRAC, INC.

   **FIFTH:**  If any verdict or judgment is recovered in this action by plaintiff for the damages alleged in plaintiff's Verified Complaint, such verdict or judgment will have been brought about and caused solely by reason of the carelessness, negligence, both of omission and commission, or other culpable conduct, or the breach of duty, contract, lease, warranty or other agreement by co-defendants, MECHALY HAIM, P.V. HOLDING CORP., or their agents, servants, or employees, and therefore, these defendants are entitled to full indemnity, contractual or otherwise, in an amount equal to the total sum of any verdict or judgment from Defendants, MICHAEL COLE and ELRAC, INC. together with the costs and disbursements of the within action, including attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE

   The damages allegedly sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and defendants are therefore not liable to plaintiff or, alternatively, defendants' liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## SECOND AFFIRMATIVE DEFENSE

   The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom defendants had no control at any time relevant hereto, and in the event the defendants are found liable to plaintiff, which liability is expressly denied, defendants will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries do not meet the threshold standard as enumerated in Article 51 of the Insurance Law and CPLR 3016(g).

### FOURTH AFFIRMATIVE DEFENSE

The defendants' liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

### FIFTH AFFIRMATIVE DEFENSE

The defendants, pursuant to §§ 1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in the Verified Complaint, such injuries and/or damages were the result of the culpable conduct of the plaintiff, and/or the other parties hereto or were the result of the plaintiff's assumption of risk. Should it be found, however, that defendants are liable to the plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the plaintiff, defendants and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the DEFENDANT is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take all steps necessary and proper to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action against defendant, ELRAC, for which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

The defendant, ELRAC, is not vicariously liable to the plaintiff pursuant to the Graves Amendment 49 U.S.C. 30106.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to properly obtain personal jurisdiction over the defendant MICHAEL COLE due to the improper service or non-service of the Summons & Complaint

**WHEREFORE**, defendants, MICHAEL COLE and ELRAC, INC., demand that the Complaint be dismissed, together with the costs, attorneys' fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated:    White Plains, New York
          February 25, 2008

Yours, etc.,

Kevin Burns, Esq.
GOLDBERG SEGALLA LLP
**Attorneys for Defendants**
**MICHAEL COLE & ELRAC, INC.**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400
GS File No.: 4490.pending

4

TO:    Law Offices of James Killerlane, P.C.
       Attorney for Plaintiff
       175 Main Street
       White Plains, NY 10601
       (914) 948-9500

       Mechaly Haim
       Defendant Pro-Se
       1040 NE 204th Lane
       North Miami, FLA 33179

       P.V. Holding Corp
       Defendant- Pro-Se
       90-90 Grand Central Parkway
       East Elmhurst, NY 11369

## ATTORNEY'S VERIFICATION

The undersigned, KEVIN BURNS, an attorney admitted to practice in the Courts of the State of New York, affirms:

I am the attorney of record for MICHAEL COLE and ELRAC, INC., the defendants in the within action; I have read the foregoing **ANSWER** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The reason this verification is made by deponent and not by an officer of defendant, is that none of its officers reside at or in the County of Westchester where our law office is located.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:    White Plains, New York
          February 25, 2008

_____
KEVIN BURNS

86033.1

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601-1717

## AFFIDAVIT OF SERVICE

DANIELLE SARACENO, being duly sworn deposes and says, that deponent is not a party to this action, is over 18 years of age and resides in Yonkers, New York. That on the 25th day of February, 2008, deponent served **ANSWER, and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** upon:

Law Offices of James Killerlane, P.C.
Attorney for Plaintiff
175 Main Street
White Plains, NY 10601
(914) 948-9500

Mechaly Haim
Defendant Pro-Se
1040 NE 204th Lane
North Miami, FLA 33179

P.V. Holding Corp
Defendant- Pro-Se
90-90 Grand Central Parkway
East Elmhurst, NY 11369

by depositing the enclosed in a stamped envelope in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_Danielle Saraceno_
DANIELLE SARACENO

Sworn to before me this
25th day of February, 2008.

_Shaun Pilcher_
Notary Public

**SHAUN J. PILCHER**
Notary Public, State of New York
No.: 01PI5078207
Qualified in Rockland County
Commission Expires **May 19, 2011**

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601-1717

State of New York - Department of State
Division of Corporations

Party Served:                                      Plaintiff/Petitioner:
  ELRAC, INC.                                        LYNCH, JAMES D


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,  NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 01/11/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                    Very truly yours,
                                             Division of Corporations

4490.0060

# GOLDBERG SEGALLA LLP

*Attorneys at Law*

Kevin Burns

Direct Dial 914.798.5476
kburns@goldbergsegalla.com

170 Hamilton Avenue/Suite 203
White Plains, New York 10601-1717
914.798.5400  FAX 914.798.5401
www.goldbergsegalla.com

March 3, 2008

Law Offices of James Killerlane, P.C.
175 Main Street
White Plains, NY 10601

> Re:    James D. Lynch v. Mechaly Haim, ELRAC, Inc., et al.
> Date of Loss:        10/4/04
> GS File No.:        4490.Pending

Dear Mr. Killerlane:

We have appeared on this matter on behalf of Michael Cole and ELRAC, Inc.  It is my understanding that Mr. Cole was never properly served with a Summons and Complaint in this matter.  I would appreciate it if you would please provide me with proof of proper service as soon as possible as I anticipate moving to dismiss the Complaint within the next sixty days if no proof is provided by your office.

I appreciate your attention to this matter.  You can reach me directly at (914) 798-5476.

Very truly yours,

GOLDBERG SEGALLA LLP

Kevin Burns, Esq.

KB:mr

102884.1

---

# GS GOLDBERG SEGALLA LLP

*Attorneys at Law*

Kevin Burns

Direct Dial 914.798.5476
kburns@goldbergsegalla.com

170 Hamilton Avenue/Suite 203
White Plains, New York 10601-1717
914.798.5400  FAX 914.798.5401
www.goldbergsegalla.com

April 21, 2008

Law Offices of James Killerlane, P.C.
175 Main Street
White Plains, New York 10601

Re:    James D. Lynch v. Mechaly Haim, ELRAC, Inc., et al.
      Index No.:    1994/2007
      Date of Loss:  10/4/04
      GS File No.:   4490.0060

Dear Mr. Killerlane:

As you are aware, we represent the defendants in the above-captioned matter. On February 25, 2008, we served our Answer and discovery demands on your office. Responses to these demands were due to be provided to us by March 25, 2008. Thus far, no responses have been forthcoming from your office and these discovery responses are now past due. In order to avoid unnecessary motion practice, I would appreciate it if you could please provide me with responses within ten (10) days of your receipt of this letter. To the extent that you require additional time to respond, please do not hesitate to contact me, and I will be happy to extend your time to answer these demands.

Additionally, as I have indicated to you in my initial letter, we have never received proof that my client, Michael Cole, has been served with the Summons and Complaint. If I do not receive an Affidavit of Service from your office, I will have no alternative but to move to dismiss this case as to Mr. Cole.

I appreciate your attention to this matter. If you have any questions or wish to discuss this matter, please do not hesitate to contact me. You can reach me directly at (914) 798-5476.

Very truly yours,

GOLDBERG SEGALLA LLP

Kevin Burns, Esq.

KB/ds
108519.1

Philadelphia ▪ New York ▪ Buffalo ▪ Princeton ▪ Hartford ▪ Rochester ▪ Syracuse ▪ Albany ▪ White Plains ▪ Long Island
Affiliated with Studio Legale Casini, Milan and Viareggio, Italy

*Law Offices*
### JAMES J. KILLERLANE, P.C.
175 MAIN STREET
SUITE 606
WHITE PLAINS, NY 10601
TEL. NO. (914) 948-9500

FAX NO. (914) 948-3004

lawoffice@killerlane.com

JAMES J. KILLERLANE
_____
*Managing Attorney*
JOEL A. HIRSHFIELD
_____
CHRISTINA M. KILLERLANE
JASON COSTANZO

*Rockland Office*
_____
3 SANDPIPER DRIVE
WEST NYACK, NY 10994

April 17, 2008

<u>VIA FACSIMILE ONLY (914) 390-4085</u>

Hon. Charles L. Brieant, U.S.D.J.
United States Courthouse
White Plains, New York

RE:  <u>Lynch v. Haim, et al.</u>
<u>Docket No.: 08 Cv. 1259(CLB)(MDF)</u>

Dear Honorable Sir:

Please be advised that our office just became aware today of a conference before Your Honor, scheduled for tomorrow, April 18, 2008 at 9:15 a.m. The attorneys for defendants, Haim and P.V. Holding Corp., Reardon & Sclafani, P.C., contacted our office today to advise us of the above date. Apparently, the Court sent notice of the date to their office and that office assumed that our office had also received it, which we did not. Unfortunately, due to illness and our current Court schedule, an attorney is not available for appearance tomorrow. In addition, the co-defendants, Michael S. Cole and Elrac, had not been notified of tomorrow's conference, as Reardon & Sclafani assumed we would have done that if we had received the notice.

It is hereby respectfully requested, on consent of the parties, that the above conference be adjourned until Friday, May 2, 2008, as Friday, April 25, 2008 is the Passover Holiday. We apologize for any inconvenience and assure the Court that any error was clearly inadvertent.

Thank you for your consideration and prompt attention to this matter. If you have any questions whatsoever, please do not hesitate to contact me.

Very truly yours,

Law Offices of James J. Killerlane, P.C.

Joel A. Hirshfield (3675)

JAH:dl

CC:    Reardon & Sclafani, P.C.
       220 White Plains Road, Suite 235
       Tarrytown, New York 10591
       Fax No.: (914) 366-0022

       Goldberg Segalla
       170 Hamilton Avenue, Suite 203
       White Plains, New York 10601-1717
       Fax No.: (914) 798-5401

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES D. LYNCH,

                      Plaintiff,

        -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE, and ELRAC, INC.

                      Defendants.

CIVIL CASE
DOCKET: 7:08-CV-01259-CLB

**AFFIDAVIT OF**
MICHAEL COLE

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF PUTNAM           )

**MICHAEL COLE**, being duly sworn, hereby deposes and says as follows:

1.      I presently reside at 102 Fairway Drive, Pawling, New York 12564. I have resided continuously at this location for approximately 4½ years.

2.      I resided at this location at the time I rented a vehicle from ELRAC, Inc. on September 20, 2004 and provided this as my home address on the rental contract a copy of which is annexed as **Exhibit "A"** to this motion.

3.      I continue to reside at this location up until the present day.

4.      On October 4, 2004 I was involved in an accident while driving a vehicle rented to me by ELRAC, Inc.

5.      At the time of the accident I was operating a 2005 Ford Focus NY Lic. # LX8471 owned by ELRAC, Inc.

6.      Prior to the occurrence of the accident I did not experience any mechanical difficulties or problems while operating the vehicle.

7.      I am not in the active military and have not been deployed overseas since the date of this accident.

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601

8.     I have never been served with a copy of the lawsuit with regards to the above-captioned action.

9.     I first received a copy of the lawsuit when my attorney sent a copy to me to review.

10.     I have never resided at 102 Fairway Drive in St. Louis, Missouri 63105 nor have I ever represented to anyone that I lived at this address.

11.     As I was never served with this lawsuit, I ask the court to dismiss this action against me.

_____
MICHAEL S. COLE

Sworn to before me this
26th day of April, 2008.

_____
Notary Public

Kevin Burns
Notary Public, State of New York
No. 02BU6012463
Qualified in Putnam County
Commission Expires Aug. 31, 2010

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES D. LYNCH,

                     Plaintiff,

    -against-

MECHALY HAIM, P.V. HOLDING CORP.,
MICHAEL S. COLE, and ELRAC, INC.

                   Defendants.

CIVIL CASE
DOCKET: 7:08-CV-01259-CLB

**AFFIDAVIT OF JOHN
CARMICHAEL**

STATE OF NEW YORK  )
                        )
COUNTY OF QUEENS  )

    I, **JOHN CARMICHAEL**, being duly sworn, deposes and says:

1)    I am presently an employee of ELRAC, INC. as a Loss Control Manager and have been so employed by them for approximately 6 and ½ years.

2)    ELRAC, Inc. is a Delaware Corporation licensed to do business in New York State.

3)    ELRAC, Inc. is engaged in the business of renting and leasing vehicles to the general public.

4)    I am familiar with the facts and circumstances which give rise to the above captioned lawsuit based upon my personal knowledge and a review of documents provided to me in my capacity as Loss Control Manager for ELRAC.

5)    On October 4, 2004 Michael Cole was involved in an accident while driving a vehicle owned by ELRAC and rented to Michael Cole pursuant to a rental contract.

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601

6)   A trued and correct copy of the rental agreement # D461791 is annexed hereto as **Exhibit "A"** to this motion.

7)   Michael Cole was not an agent or employee of ELRAC, Inc. at the time the vehicle was rented to him, nor was Michael Cole acting within any authority or duty to ELRAC, Inc.

8)   ELRAC, Inc. is self-insured and provides minimum limits of financial responsibility to Michael Cole pursuant to New York States requirements in the amount of $25,000 per person per accident subject to a maximum of $50,000 per occurrence.

9)   ELCO Administrative Services acts as the third-party administrator in adjusting claims for ELRAC, Inc.

10)  Pursuant to the passage of the Grave's Amendment 49 USC 30106 vicariously liability against ELRAC, Inc. has been eliminated absent an independent cause of action.

11)  No evidence has been adduced which would support an independent cause of action against ELRAC, Inc. in the present case.

12)  As such, ELRAC, Inc. should be dismissed from this action pursuant to 49 USC 30106.

_____
JOHN CARMICHAEL

Sworn to before me this
25 day of April, 2008

_____
Notary Public

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601

ARLENE M. KING
NOTARY PUBLIC, State of New York
No. 01KI6031802
Qualified in Queens County
Commission Expires October 12, 20 10